UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOK CUMMINGS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE ISLAMIC REPUBLIC OF IRAN,<br><br>    Defendant. | Case No. 19-cv-05254-DMR<br><br>**ORDER TRANSFERRING CASE** |

Plaintiffs Brook Gordon Cummings and Novella Cummings filed this personal injury action against the Islamic Republic of Iran ("Iran") pursuant to the Foreign Sovereign Immunities Act ("FSIA"). The FSIA provides that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. Under FSIA's terrorism exception, a foreign state shall not be immune from suit in any case "in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act . . . ." 28 U.S.C. § 1605A(a)(1). A "'foreign state' . . .includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in [28 U.S.C. § 1603(b).]" 28 U.S.C. § 1603(a). Further, 28 U.S.C. § 1605A(c) provides United States nationals and other enumerated individuals with a private right of action against "[a] foreign state that is or was a state sponsor of terrorism . . . for personal injury or death caused by acts described in [28 U.S.C. § 1605A(a)(1)] . . . ."

The FSIA has its own venue provision. It provides that a civil action under the FSIA may be brought

> (1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

> (2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;
>
> (3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or
>
> (4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

28 U.S.C. § 1391(f).

In this action, Plaintiffs sue Iran, a foreign state. As it appears that the United States District Court for the District of Columbia is the proper venue for this action pursuant to 28 U.S.C. § 1391(f)(4), on November 15, 2019, the court ordered Plaintiffs to show cause why this action should not be transferred to the United States District Court for the District of Columbia. [Docket No. 18.]

Plaintiffs timely filed a response to the Order to Show Cause. [Docket No. 20 (Response).] In their response, they argue that that venue in this District is proper under 28 U.S.C. § 1391(f)(3), which states that "a civil action against a foreign state as defined in [28 U.S.C. § 1603(a)] may be brought . . . in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in" 28 U.S.C. § 1603(b). 28 U.S.C. § 1391(f)(3). In turn, 28 U.S.C. § 1603(b) provides that

> **(b)** An "agency or instrumentality of a foreign state" means any entity--
>
> **(1)** which is a separate legal person, corporate or otherwise, and
>
> **(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
> **(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).

Plaintiffs argue that venue in this District is proper under 28 U.S.C. § 1391(f)(3) because the complaint alleges that "California resident non-parties . . . acted as an 'agency or instrumentality' of the Islamic Republic of Iran." Response 5 (citing Compl. ¶¶ 7-10). They note the complaint's allegations that Defendant Iran "regularly conducted business with affiliates or subsidiaries of certain American banks and companies," including Halliburton, which maintains offices in this District, and that Iran "raised and transferred funds which were used to finance terrorist groups" with Bank Saderat Iran, which was authorized to conduct business in California. Compl. ¶¶ 7-10.

Plaintiff's argument is without merit, as the complaint does not actually allege that Halliburton or Bank Saderat Iran were Iran's agents and instrumentalities. More importantly, this action is against Iran; neither Halliburton nor Bank Saderat Iran are named as defendants. Therefore, section 1391(f)(3), which applies to actions "against an agency or instrumentality of a foreign state," does not apply. Instead, section 1391(f)(4) applies, because this is an action "against a foreign state." Accordingly, the United States District Court for the District of Columbia is the proper venue for this action.

28 U.S.C. § 1406(a) states that if a case is filed in an improper district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In the interest of justice, the court transfers this action to the United States District Court for the District of Columbia.

**IT IS SO ORDERED.**

Dated: December 30, 2019



Donna M. Ryu
United States Magistrate Judge

3